**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jack Scott ELDER, Defendant-Appellant.**

**No. 26829.**

United States Court of Appeals, Ninth Circuit.

July 28, 1971.

**588**

Leonard C. Hoar, Jr., Fresno, Cal., for defendant-appellant.

Dwayne Keyes, U. S. Atty., William R. Allen, Ass't U. S. Atty., Fresno, Cal., for plaintiff-appellee.

Before MERRILL, KOELSCH and CHOY, Circuit Judges.

PER CURIAM:

Jack Scott Elder appeals his conviction for possession of marijuana and hashish in Yosemite National Park, a violation of 18 U.S.C. § 13 which adopts state law (namely Calif. Health & Safety Code § 11530) for federal reservations. We affirm.

During a routine patrol of a campground at Yosemite, a group of federal officers passed by a large tent containing several young people. As they drew adjacent the tent, appellant Elder was heard to say "Pass the match for the hash." One of the Officers, Ranger Thompson, was located such that he could view the interior of the tent through one of the open windows in its side. He observed Elder with a pipe in his mouth. Subsequent observation showed that the pipe had an aluminum foil wrapped bowl which is known to be used for hashish because of the extreme heat generated.

Elder was then placed under arrest and a search revealed a blue suede bag containing hashish as well as the pipe observed initially which was found to contain marijuana.

On appeal, the argument is that the search violated his Fourth Amendment rights. Appellant reminds us that the Fourth Amendment protects people and not places, Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), and that he had a right to be free from intrusion in this tent even though it was on federal property at the time. While we agree with this abstract proposition it does not fit the facts of this case.

Viewed in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1942), the evidence shows that Elder was seen and heard by Ranger Thompson who was then in a place where he unquestionably had a right to be during his patrol of the campground, and that what occurred was thus within the open sight and hearing of the officers. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." Katz v. United States, *supra*, at 351, 88 S.Ct. at 511.

We find no merit in Elder's argument regarding the alleged conflict in the testimony of the officers.

Affirmed.